Islam v. Holder

BIA
Weisel, IJ
A096 426 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand twelve.

PRESENT:
>       RICHARD C. WESLEY,
>       RAYMOND J. LOHIER, JR.,
>       CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

MOHD NURUL ISLAM,
>       *Petitioner,*

>       v.                                          11-4767
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director, Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohd Nurul Islam, a native and citizen of Bangladesh, seeks review of an October 19, 2011 order of the BIA, affirming the March 17, 2010 decision of an Immigration Judge ("IJ"), which denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohd Nurul Islam*, No. A096 426 757 (B.I.A. Oct. 19, 2011), *aff'g* No. A096 426 757 (Immig. Ct. N.Y. City Mar. 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case in which the BIA agrees with the IJ's conclusion that Islam is not credible, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we decline to review Islam's unexhausted argument that the interpreter was unable to accurately and properly translate his testimony during his merits hearing. *See Lin Zhong v. U.S. Dep't of Justice*, 480

2

F.3d 104, 122 (2d Cir. 2007).  Thus, the sole issue before us is whether the agency's adverse credibility finding is supported by substantial evidence.

For applications for relief such as Islam's that are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(c).  Here, the agency did not err in denying relief, as its inconsistency and corroboration findings provided substantial evidence for its adverse credibility determination.

In finding Islam not credible, the agency reasonably relied on Islam's failure to testify consistently regarding whether he had suffered physical harm when six members of the Awami League (a rival political party) broke into his family's home in search of him.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  The IJ was not required to specifically request an explanation for this inconsistency, as it was obvious on its face.  *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 n.13 (2d Cir. 2006), and in any event Islam was given an opportunity to explain the

3

inconsistency on cross-examination.  Moreover, the agency reasonably relied on a discrepancy between Islam's testimony and medical certificate with respect to whether Islam had received medical treatment following his alleged altercation with members of the Awami League.  *See Xiu Xia Lin*, 534 F.3d at 167.  A reasonable fact finder would not have been compelled to credit Islam's explanation for this inconsistency as it was non-responsive.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

Moreover, having questioned Islam's credibility, the agency reasonably relied on Islam's failure to present evidence to corroborate his claim that members of the Awami League broke into his family's home and attacked and threatened him.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  The agency also did not err in finding that the evidence Islam submitted was insufficient to rehabilitate his otherwise incredible testimony.  *See id.*  Specifically, the agency was not required to credit a letter from a member of a Bangladeshi bar association because the affiant did not establish that he possessed expert knowledge of Bangladeshi politics or human rights conditions in Bangladesh.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006)

4

(finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Nor was the agency required to credit a letter from the Secretary General of the political party of which Islam was a member because the letter was vague and contradicted Islam's testimony with respect to the type of abuse he suffered while in police custody.  *Id.*

Ultimately, given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 166-67.  Because Islam's claims for both withholding of removal and CAT relief are based on the same assertions that the IJ found not to be credible, the adverse credibility determination in this case necessarily precludes success on both claims.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5